**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03143-WJM-KMT

JTS CHOICE ENTERPRISES, INC.,

    Plaintiff,

v.

E.I. DUPONT DE NEMOURS AND COMPANY, and
METRO PAINT SUPPLIES, INC.,

    Defendants.

---

**ORDER DENYING DEFENDANT E.I. DUPONT'S MOTION FOR A
PROTECTIVE ORDER TO STAY DISCOVERY**

---

On December 2, 2011, Plaintiff JTS Choice Enterprises, Inc. filed this action against Defendants E.I. DuPont De Nemours and Company ("DuPont") and Metro Paint Supplies ("Metro") alleging that DuPont violated state and federal law by, amongst other things, giving Metro preferential treatment. (ECF No. 1.)

In lieu of an answer, DuPont filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 14.) A week later, DuPont filed Motion for Protective Order to Stay Discovery ("Motion") asking the Court to stay discovery on the merits of this case pending the Court's ruling on the Motion to Dismiss. (ECF No. 19.) Metro joined in this Motion. (ECF No. 23.)

This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings in a lawsuit. *String Cheese Incident, LLC v.*

*Stylus Shows, Inc.*, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of discovery "for good cause, to protect a party from undue burden or expense."  *Id.*

The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements."  *Tr. of Springs Transit Co. Emp.'s Ret. and Disability Plan v. City of Colorado Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010).  Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.  *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).  In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).  Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue.  *Id.*

The factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiff's interests in proceeding expeditiously with the action and the potential prejudice to Plaintiff resulting from a delay; (2) the burden on the Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest.  *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

Having considered the five factors, the Court finds Defendants have failed to show good cause for granting a stay. The first two factors cancel each other out as any burden on Defendants is countered by Plaintiff's interest in proceeding with this litigation. Convenience to the Court weighs against granting the stay as cases that linger on the Court's docket are more difficult to manage. Moreover, the undersigned discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally. *See* WJM Practice Standards §§ II.D, III.D, III.E. The interests of non-parties does not weigh in favor or against imposing a stay as neither party has argued that any non-parties are likely to be affected by this case. Finally, the public has an interest in efficient use of public resources, including Court resources. This factor therefore weighs in favor a denying the stay.

In sum, the Court finds that Defendants have failed to demonstrate that the "most extreme circumstances" are present in this case so as to warrant a stay of discovery. Accordingly, Defendants' Motion for a Protective Order to Stay Discovery (ECF No. 19) is DENIED for lack of good cause shown.

Dated this 29th day of February, 2012.

BY THE COURT:

_____
William J. Martinez
United States District Judge