IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-03143-WJM-KMT

JTS CHOICE ENTERPRISES, INC.

                Plaintiff,

v.

E.I. DU PONT DE NEMOURS AND COMPANY, and

METRO PAINT SUPPLIES, INC.

                Defendants.

**PROTECTIVE ORDER REGARDING
CONFIDENTIAL NCS INFORMATION**

WHEREAS the Court has considered the parties' Joint Motion for Entry of Protective Order Regarding Confidential NCS Information; and

WHEREAS the Parties have demonstrated good cause for the entry of a Protective Order; and

WHEREAS the Court finds that a Protective Order will facilitate orderly and efficient discovery without any adverse effect on the rights of any party, person, or entity;

IT IS HEREBY ORDERED that:

1. Any NCS information designated by a party as CONFIDENTIAL (hereafter the CONFIDENTIAL NCS INFORMATION") must first be reviewed by an attorney who will certify that the designation as CONFIDENTIAL is based on a good faith belief that the information is confidential or otherwise entitled to protection.

      2.      Such CONFIDENTIAL NCS INFORMATION shall be subject to the following restrictions:

          a.      It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

          b.      It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

      3.      A party may object to the designation of particular CONFIDENTIAL NCS INFORMATION as being subject to the provisions of this Order by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

4.      Individuals authorized to review the CONFIDENTIAL NCS INFORMATION pursuant to this Protective Order shall hold the NCS Information in confidence and shall not divulge the CONFIDENTIAL NCS INFORMATION, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

5.      The Party's counsel who discloses the CONFIDENTIAL NCS INFORMATION shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom the CONFIDENTIAL NCS INFORMATION is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of the CONFIDENTIAL NCS INFORMATION, and shall maintain a list of all persons to whom any the CONFIDENTIAL NCS INFORMATION is disclosed.

6.      During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 5 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of the CONFIDENTIAL NCS INFORMATION and that opposing counsel are unable otherwise to identify the source of the disclosure.  If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

7.      No copies of the CONFIDENTIAL NCS INFORMATION shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8. During the pendency of this litigation, counsel shall retain custody of the CONFIDENTIAL NCS INFORMATION, and copies made therefrom pursuant to paragraph 7 above.

9. In the event a party files the CONFIDENTIAL NCS INFORMATION, or on any portion thereof, with the Court in connection with any proceeding or motion, the CONFIDENTIAL NCS INFORMATION shall be filed pursuant to D.C.COLO. LCivR 7.2 as a restricted document, subject to Level 1 treatment. Any pleadings or briefs filed by the parties that quote the contents of the CONFIDENTIAL NCS INFORMATION shall also be filed in this manner.

10. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of the CONFIDENTIAL NCS INFORMATION pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

12. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all the CONFIDENTIAL NCS INFORMATION provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom.

13. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which the CONFIDENTIAL NCS INFORMATION shall be treated at trial.

Dated at Denver, Colorado, this 9th day of March, 2012.

BY THE COURT:

UNITED STATES DISTRICT COURT

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-03143-WJM-KMT

JTS CHOICE ENTERPRISES, INC.

           Plaintiff,

v.

E.I. DU PONT DE NEMOURS AND COMPANY, and

METRO PAINT SUPPLIES, INC.

           Defendants.

---

**AFFIDAVIT**

---

STATE OF COLORADO   )
                                ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

      1.      I have read the Protective Order in this case, a copy of which is attached to this Affidavit.

      2.      I have been informed by *, Esq., counsel for *, that the materials described in the list attached to this Affidavit are the CONFIDENTIAL NCS INFORMATION as defined in the Protective Order.

      3.      I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any the CONFIDENTIAL NCS INFORMATION show or told to me except as authorized in the Protective Order.  I will not use the CONFIDENTIAL NCS INFORMATION for any purpose other than this litigation.

      4.      For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

                                                                                        _____
(Signature)

_____
(Print or Type Name)

Address:
_____

_____

Telephone No.: (\_\_\_)_____

SUBSCRIBED AND SWORN to before me this * day of *, 2012, by _____.

WITNESS my hand and official seal.

[S E A L]

_____
Notary Public

My Commission Expires: _____

## CERTIFICATE OF SERVICE

I hereby certify that, on March 8, 2012, I electronically filed the foregoing **[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL NCS INFORMATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

>Katherine Allison White
>Roger P. Thomasch
>BALLARD SPAHR, LLP-DENVER
>1225 Seventeenth Street, Suite 2300
>Denver, Colorado 80202-5596
>whiteka@ballardspahr.com
>thomasch@ballardspahr.com
>(303) 292-2400
>(303) 286-3956 (fax)
>
>Walter Edwin Anderson
>BALLARD SPAHR, LLP-PHILADELPHIA
>1735 Market Street
>51st Floor
>Philadelphia, PA. 19103-7599
>andersonw@ballardspahr.com
>(215) 665-8500
>(215) 864-8999 (fax)
>
>ATTORNEYS FOR DEFENDANT E.I. DU PONT DE NEMOURS AND COMPANY
>
>Neil L. Arney
>Meshach Y. Rhoades
>1801 California Street, Suite 3100
>Denver, Colorado 80202
>Email: neil.arney@kutakrock.com
>Meshach.rhoades@kutakrock.com
>(303) 297-2400
>
>ATTORNEYS FOR DEFENDANT METRO PAINT SUPPLIES, INC.

>s/ Revnée B. Lea