**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya**

| | | | |
|---|---|---|---|
| Civil Action No: | 11-cv-03143-WJM-KMT | Date: | May 16, 2013 |
| Courtroom Deputy: | Sabrina Grimm | FTR: | Courtroom C-201 |

JTS CHOICE ENTERPRISES, INC.,       Lauren Elizabeth Mosse
      Theodore Wells Rosen

    Plaintiff,

v.

E.I. DU PONT DE NEMOURS AND       David M. Stauss
COMPANY,
METRO PAINT SUPPLIES, INC., and       David Kay
AUTOMOTIVE COATINGS & EQUIPMENT,       Neil Arney
LLC,

    Defendants.

## COURTROOM MINUTES

**1:31 p.m.**     **Court in session.**

Court calls case. Appearances of counsel.

Plaintiff's client representative, Joe Schweid, is also present.

Discussion regarding defendants Metro Paint and Automotive Coatings' Motion to Quash Subpoena upon Marketing Associates, LLC [222].

1:35 p.m.     Argument by Mr. Kay.

**ORDERED: Defendants Metro Paint and Automotive Coatings' Motion to Quash Subpoena upon Marketing Associates, LLC [222] is DENIED. Sanctions are imposed against defendant Metro Paint for costs associated with plaintiff's response to the motion. Within one week, plaintiff shall file a accounting of costs and attorney fees incurred, with supporting documentation for a lodestar analysis. Within one week of receiving plaintiff's accounting, defendant Metro Paint may file any objections directed solely to the issue of reasonableness of fees.**

Discussion regarding Ben Jacobsen's deposition.

1:41 p.m.  Argument by Mr. Arney.

**ORDERED:** Regarding the email documents which were produced by Mr. Jacobsen which originated in a Metro Paint email server but are no longer available from the Metro Paint company records, Defendant Metro Paint is ordered to produce all communications with their client regarding preservation of documents. Metro Paint may redact information which does not pertain to preservation in order to protect attorney client privilege on other issues. Further, Metro Paint will obtain an affidavit from the individuals responsible for maintaining the Metro Paint servers and computers detailing all steps taken to comply with the preservation directives. Further, Metro Paint shall file an affidavit outlining in detail all efforts which were undertaken to search for documents complying with discovery requests, as stated on record. Counsel shall file the documents on or before May 30, 2013.

Discussion regarding Ben Jacobson and potential conflict with respect to client representation.

1:50 p.m.  Argument by Mr. Rosen.

1:57 p.m.  Rebuttal argument by Mr. Arney

Discussion regarding Mr. Rower, production of employment contract, and company property.

**ORDERED:** Plaintiff's Motion to Re-open the Deposition of Ben Jacobsen Pursuant to Fed.R.Civ.P. 30(a)(2)(A)(ii) [212] is GRANTED. Mr. Jacobsen's continued deposition will be taken within 30 days. Plaintiff is allowed 4.5 additional hours to depose Mr. Jacobsen.

**ORDERED:** Unopposed Motion of Defendant E.I. Du Pont De Nemours and Company to Be Granted Additional Time to Question Mr. Jacobsen Should the Court Grant Plaintiff's Motion to Re-open the Deposition of Ben Jacobsen [235] is GRANTED. Defendant Du Pont De Nemours is allowed 1.5 additional hours to depose Mr. Jacobsen. Mr. Jacobsen should anticipate a full day for his continued deposition.

Discussion regarding sanctions associated with Plaintiff's Motion to Re-open the Deposition of Ben Jacobsen Pursuant to Fed.R.Civ.P. 30(a)(2)(A)(ii) [212]. Plaintiff is seeking fees and costs against defendant Metro Paint.

2:12 p.m.  Argument by Mr. Rosen.

2:13 p.m.  Argument by Mr. Arney.

2:16 p.m.        Rebuttal argument by Mr. Rosen.

2:18 p.m.        Further argument by Mr. Arney.

**ORDERED:  Plaintiff's request for sanction is DENIED.**

Discussion regarding reimbursement of costs incurred with document reproduction, whether documents turned over pursuant to subpoenas should start from 2006 or 2007, and tax returns with respect to Steven and Joe Schweid.

2:32 p.m.        Argument by Mr. Rosen.

2:37 p.m.        Argument by Mr. Stauss.

2:38 p.m.        Rebuttal argument by Mr. Rosen.

Discussion regarding tax returns and damages.  Plaintiff agrees that the damages it seeks are lost profits of JTS, not lost income for the Schweid brothers and their spouses.

2:43 p.m.        Argument by Mr. Stauss.

2:51 p.m.        Argument by Mr. Rosen.

2:57 p.m.        Rebuttal argument by Mr. Stauss.

**ORDERED:  Plaintiff JTS Choice Enterprises, Inc.'s Motion to Quash Defendant E.I.. Du Pont De Nemours and Company's Notice of Subpoena to Produce Documents, Information, or Objects or to Permit Inspection on Premises in a Civil Action Upon the Wenner Group, LLC [178] is GRANTED IN PART AND DENIED IN PART.  The time limitation for documents to be produced from Wenner Group, LLC will be 2006-2012.  Wenner Group, LLC will not be required to provide personal tax returns of the Schweids, as stated on record.  However, complete W-2 information for both Schweid brothers and each of their wives should be provided.**

**3:05 p.m.        Court in recess.**

Hearing concluded.
Total in-court time    01:34

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.