IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-03143-WJM-KMT

JTS CHOICE ENTERPRISES, INC.

Plaintiff,

v.

E.I. DU PONT DE NEMOURS AND COMPANY et al

Defendant.

---

## STIPULATION AND PROTECTIVE ORDER

---

WHEREAS, the following factors that outweigh any interests of potential third parties to obtain access to discovery materials support a finding that "good cause" exists for issuing a Protective Order:  disclosure of trade secrets or other proprietary business information contained in the discovery will violate the interest of the parties; neither litigant is a public entity or official; and the sharing of the information between litigants will promote fairness and efficiency;

WHEREAS, the parties stipulate and agree that the materials to be produced and exchanged and the testimony to be given during the course of discovery may contain confidential information consisting of data reflecting pricing, business strategies, and trade secrets or other proprietary business information that could prove harmful to the parties if disseminated or published;

Counsel for Plaintiffs in the above-referenced matter ("Plaintiffs"), counsel for E.I. du Pont de Nemours and Company ("DuPont" or "Defendant")),and counsel for

non-parties  Metro Paint Supplies, Inc., ("Metro Paint") and Automotive Coatings & Equipment, LLC ("AC")  hereby submit this proposed stipulation and protective order ("Protective Order") in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled. Accordingly, it is hereby ORDERED by the Court that the following provisions shall govern confidentiality in this proceeding:

1.      Confidential Material:  Any party or nonparty producing documents or things in this matter may designate as CONFIDENTIAL documents, pleadings, deposition transcripts, answers to interrogatories, responses to requests for admissions, exhibits and any other information produced, prepared, or discovered in the matter that contain nonpublic purchase and/or sale data; trade secrets; proprietary commercial, financial, technical, research, development, or business information; or any other nonpublic or sensitive information for which a good faith claim of need of protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

2.      Highly Confidential Material:  Any material that is CONFIDENTIAL as described in paragraph 1 that a party or nonparty believes should generally not be disclosed to a director, officer or employee of another party may be designated as HIGHLY CONFIDENTIAL.  The parties contemplate that HIGHLY CONFIDENTIAL material shall include, *inter alia*, competitively sensitive financial data, manufacturing information, product composition information, current and future business plans and marketing plans and information.

3.     Attorney Review:  Any material designated by a party as CONFIDENTIAL or HIGHLY CONFIDENTIAL must first be reviewed by an attorney who will certify that the designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL is based on a good faith belief that the information is entitled to protection.

4.     Identification of Materials:  The parties shall designate CONFIDENTIAL and HIGHLY CONFIDENTIAL materials as follows:

(a)     In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by announcing at the time of production and by placing or electronically affixing the following legend on each page of such document prior to production: CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(b)     In the case of depositions, designation of the portion of the transcript (including exhibits) that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by counsel for the party or nonparty to whose CONFIDENTIAL or HIGHLY CONFIDENTIAL material the deponent has had access.  Subject to paragraph (c) below, such review by counsel shall occur within thirty (30) days after counsel's receipt of the transcript.  During such thirty (30) day time period, the entire deposition transcript, including any exhibits, shall be deemed HIGHLY CONFIDENTIAL.  Counsel designating a transcript (or portion thereof) CONFIDENTIAL or HIGHLY CONFIDENTIAL shall serve upon opposing counsel a list of pages marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.  If no designation is made within thirty (30) days after receipt of the transcript, or such other period if the

time to designate is shortened either by agreement of the parties or by Court order, the

transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY

CONFIDENTIAL material.

(c)     A party may reasonably request that a deposition transcript

be shown to a witness prior to the designation of such transcript as CONFIDENTIAL or

HIGHLY CONFIDENTIAL, and consent to such a request shall not be unreasonably

withheld.  In the event of a dispute as to such a request, the parties shall first try to

resolve such dispute in good faith on an informal basis.  If the dispute cannot be

resolved within two (2) business days, the party making the request may seek

appropriate relief from the Court.  The parties agree, subject to Court approval, that

such relief sought can be in the form of a telephone conference to be scheduled at the

Court's earliest convenience with the objective of obtaining an immediate resolution of

the dispute.

(d)     Unless otherwise provided by Court order, if a deposition

transcript, or portion thereof, or other document is filed with the Court and if it contains

CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the transcript or other document

shall be filed pursuant to D.C.COLO.LCivR 7.2 as a restricted document, subject to

Level 1 treatment.  Any pleadings or briefs filed by the parties that quote the contents of

the transcript or other document shall also be filed in this manner.

5.     Use of Confidential or Highly Confidential Material:  Any materials

designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be used by the party

receiving the materials as a direct result of this litigation (the "Receiving Party") solely

for the purpose of conducting this matter and not for any other purpose whatsoever.

Nothing in this Order shall be construed to control the use, dissemination, publication, or disposition by a party or its counsel of documents or information (i) existing in the files of that party or its counsel before the date of this Order, or (ii) received at any time by that party or its counsel outside the course of the formal and informal discovery process in this litigation.

6.    Treatment of Confidential Material:  Materials or information designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)    in-house counsel employed by the Receiving Party and in-house legal support personnel employed in the in-house counsel's office;

(b)    outside counsel at a law firm of record representing a named party in this matter, including all paralegal assistants, secretaries, clerical staff, and/or other employees of the law firm working under the supervision of such counsel;

(c)    court reporters, interpreters, translators, copy services and database/coding services retained by and providing services for counsel described in paragraph 6(b) above provided that such persons must execute an agreement to maintain the confidentiality of any received materials in accordance with Exhibit A prior to the receipt of such materials;

(d)    any expert or consultant, as well as all assistants, stenographic, and clerical employees working under the supervision of such expert who (i) is expressly retained by any attorney described in paragraph 6(b) to assist in preparation of that action for trial, and (ii) is not a current employee of a party or subsidiary or affiliate of a party; provided, however, that such disclosure is only to the

extent reasonably necessary to perform such work and provided that such persons

must execute an agreement to maintain the confidentiality of any received materials in

accordance with Exhibit A prior to the receipt of such materials;

(e)     a person who prepared, received, or reviewed the

CONFIDENTIAL material prior to its production in this matter;

(f)     any person whom counsel for a party believes, in good faith,

will assist a party in the preparation of the matter for trial, including a person who may

be called as a witness by a party at trial, or a person acting as a consultant in any trial

preparation, such as a mock juror and provided that such persons must execute an

agreement to maintain the confidentiality of any received materials in accordance with

Exhibit A prior to the receipt of such materials.

(g)     a current employee, officer, or Board member of the

producing party;

(h)     the Court, including court personnel, pursuant to

D.C.COLO.LCivR 7.2; and

(i)     such other persons as hereafter may be designated by

written stipulation of the parties filed with the Clerk of Court or by further Order of the

Court.

7.     Treatment of Highly Confidential Material:  Materials or information

designated as HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party to the

following persons:

(a)      outside counsel at a law firm of record representing a named party in this matter, including all paralegal assistants, secretaries, clerical staff, and/or other employees of the law firm working under the supervision of such counsel;

(b)      court reporters, interpreters, translators, copy services and database/coding services retained by and providing services for counsel described in paragraph 7(a) above provided that such persons must execute an agreement to maintain the confidentiality of any received materials in accordance with Exhibit A prior to the receipt of such materials;

(c)      any expert or consultant, as well as all assistants, stenographic, and clerical employees working under the supervision of such expert who (i) is expressly retained by any attorney described in paragraph 7(a) to assist in preparation of that action for trial, and (ii) is not a current employee of a party or subsidiary or affiliate of a party; provided, however, that such disclosure is only to the extent reasonably necessary to perform such work and provided that such persons must execute an agreement to maintain the confidentiality of any received materials in accordance with Exhibit A prior to the receipt of such materials;

(d)      a person who prepared received, or reviewed the HIGHLY CONFIDENTIAL material prior to its production in this matter;

(e)      the Court, including court personnel, pursuant to D.C.COLO.LCivR 7.2;

(f)      in-house counsel employed by the Receiving Party and in-house legal support personnel employed in the in-house counsel's office; and

(g)     such other persons as hereafter may be designated by written stipulation of the parties filed with the Clerk of Court or by further Order of the Court.

8.     Disclosure of Confidential or Highly Confidential Material by Receiving Party:  The Receiving Party must, prior to disclosing such information to any of the recipients permitted in paragraphs 6 and 7, other than the Court or counsel of record, give notice of the confidential and proprietary nature of such materials to each person to whom the Receiving Party intends to disclose such materials.  In addition, the Receiving Party must comply with the consent procedures for expert recipients outlined in paragraph 9.

9.     Consent Procedures for Experts: Experts, consultants and their staff described in paragraph 6(d) shall have access to CONFIDENTIAL material and experts, consultants and their staff described in paragraph 7(c) shall have access to HIGHLY CONFIDENTIAL material in accordance with the following procedures:

(a)     A Receiving Party wishing to disclose such material shall require from persons described in 6(d), 6(f), and 7(c) and shall maintain in its files an executed statement of compliance with this Order in the form attached hereto as Exhibit A, provided that for any person described in paragraphs 6(d), 6(f) and 7(c) who is a current employee of a company, other than the producing party, involved in the development, manufacturing, marketing or sale of performance paints and coatings, the party wishing to make the disclosure must provide the name and affiliation of such person to the producing party for the producing party's consent to the disclosure. Counsel need not identify the materials intended to be disclosed. The producing party

shall have ten (10) business days (subject to paragraph 9(c)) to provide consent and shall not unreasonably withhold consent. Any objection must be in writing and provide the specific basis for the objection. If the parties cannot resolve the objection, the producing party will have fifteen (15) business days after receiving notification within which to file a motion with the court seeking a protective order. The burden of demonstrating good cause shall lie with the producing party. A failure to object or file a motion within the requisite time periods shall be deemed a waiver. No disclosure shall be made until there is an agreement, a waiver, or a court order.

(b)     When a person described in paragraphs 6(d), 6(f), or 7(c) is a consultant who, in one or both of the last two years, has spent more than half of his or her working time consulting on commercial matters, research and development, or regulatory issues for companies, other than the producing party, involved in, among other things, the development, manufacturing, marketing or sale of performance paints and coatings, before disclosure is made, the Receiving Party shall identify to the producing party the companies for which the person has consulted over the last two years and the subject matters on which the person consulted for that company, for the producing party's consent. The producing party shall have ten (10) business days (subject to paragraph 9(c)) to provide consent and shall not unreasonably withhold consent.

(c)     A Receiving Party may reasonably request a shortening of the time period within which the consent sought pursuant to paragraphs 9(a) or 9(b) is to be granted or denied, which request for a shortened time period shall not be unreasonably denied by the producing party. In the event of a dispute as to a request

for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within two (2) business days, the party requesting the shortened time period may request appropriate relief from the Court.  The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

(d)     Nothing herein constitutes a waiver of a party's right under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure not to disclose the identification of non-testifying consultants retained by the Receiving Party who do not receive CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

10.     The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

11.     The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

12.     Objections:  A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection

within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL OR HIGHLY CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL OR HIGHLY CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL OR HIGHLY CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

13.     Privileges:  Nothing in this Order shall preclude any party from asserting the attorney-client, work product, or any other applicable privilege as to any document or information.  No use shall be made of any materials covered by Federal Rule of Evidence 502 that were inadvertently or unintentionally produced, including during depositions or at trial, nor shall they be shown to anyone subsequent to the request to return them.  Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure shall govern the use and treatment of any materials covered by Rule 502, including obligations of the Receiving Party to promptly return, sequester or destroy the materials.

Nothing herein shall prevent the Receiving Party from challenging the privileged status of any inadvertently or unintentionally produced documents.

14.    Inadvertent Disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL Information:  The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter.  Notification by the producing party of such inadvertent disclosure shall constitute a designation with respect to all copies of the documents or other material containing the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL material, respectively.  Upon such notice, counsel for the parties shall cooperate to the extent practicable in restoring the confidentiality of the CONFIDENTIAL or HIGHLY CONFIDENTIAL material.  If CONFIDENTIAL or HIGHLY CONFIDENTIAL material is disclosed by a producing party subsequent to that producing party's first discovery of an inadvertent or unintentional disclosure, the provisions of this paragraph will not apply to that subsequent inadvertent or unintentional disclosure.

15.    Unless otherwise provided by Court order, the Clerk of the Court shall maintain as restricted documents subject to Level 1 treatment, pursuant to D.C.COLO.LCivR 7.2, all documents and all transcripts of deposition testimony filed with this Court in this matter by any party which are, in whole or part, designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL material, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to

contain or paraphrase such information.  The filing person shall, pursuant to

D.C.COLO.LCivR 7.2, file such material as a restrict document subject to Level 1

treatment.

16.     Use in a Court Proceeding:  In the event that any materials

designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL are used in any court

proceeding, said CONFIDENTIAL or HIGHLY CONFIDENTIAL materials shall not lose

their status as CONFIDENTIAL or HIGHLY CONFIDENTIAL through such use.

Counsel shall confer on such procedures as are necessary to protect the confidentiality

of any confidential documents or information used in any court proceedings no later

than five (5) days prior to such proceedings.

17.     The restrictions provided for herein shall not terminate upon the

completion of all appeals (if any) from the final judgment of this matter, but shall

continue until further order of this Court; provided, however, that this Order shall not be

construed: (i) to prevent any party or its counsel from making use of information which

was lawfully in its possession prior to the production of that information by the producing

party; (ii) to apply to information that appears in issued patents or printed publications, is

used in a court proceeding without being placed under seal in accordance with a Court

order, or otherwise becomes publicly known without fault of any party; or (iii) to apply to

information which any party or its counsel has, since production by the producing party,

lawfully obtained.

18.     Within sixty (60) days of the completion of all appeals (if any) from

the final judgment of this matter and upon the written request of the producing party, all

CONFIDENTIAL and HIGHLY CONFIDENTIAL material and all copies thereof shall

either be returned to the party which produced them or be destroyed.  If a party elects to

destroy copies of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the party shall

certify in writing that said documents have been destroyed within the sixty (60) day time

period.  Notwithstanding the foregoing, outside counsel may retain an archival copy of

any pleading and/or attorney work product which contains CONFIDENTIAL or HIGHLY

CONFIDENTIAL material.  Such archival documents shall be retained and treated in

accordance with the terms of this Order.

19.     This Order is binding on the parties in this matter including their

respective parents, subsidiaries, affiliates, attorneys, agents, and assigns.

20.     If any person utilizes or discloses documents or information

designated as CONFIDENTIAL in knowing violation of this Order, the person is subject

to injunctive relief and liable for all consequential damages and other reasonable

expenses, including attorneys' fees, incurred as a result of the misconduct.  If any

person utilizes or discloses documents or information designated as HIGHLY

CONFIDENTIAL in violation of this Order, the person is subject to injunctive relief and

liable for all consequential damages and other reasonable expenses, including

attorneys' fees, incurred as a result of the misconduct.

21.     In the event any person subject to the terms of the Order is served

with a subpoena or request for production of CONFIDENTIAL or HIGHLY

CONFIDENTIAL material, it will give sufficient notice to the producing party to allow the

producing party a reasonable opportunity to intervene to oppose such production.  In no

event shall the person receiving the subpoena or other process produce

CONFIDENTIAL or HIGHLY CONFIDENTIAL material of any producing party in

response to the subpoena or other process unless and until such person has: (i) received written authorization from counsel for the producing party to produce said CONFIDENTIAL or HIGHLY CONFIDENTIAL material or (ii) been ordered to do so by a court of competent jurisdiction.

22.     Any party who has designated a document or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL material may remove such document or information from the scope of that protection by notifying all other counsel of its desire to do so.

23.     In the event that a party seeks discovery from a non-party in this suit, the non-party may invoke the terms of this Order with respect to any CONFIDENTIAL or HIGHLY CONFIDENTIAL material provided to the parties by so advising all parties to this suit in writing.

24.     This Order shall not prevent any party from applying to the Court for relief therefrom, from applying to the Court for an order modifying or amending the terms of this Order, from seeking further or additional protective orders, or from agreeing between themselves to modification of this Order, in writing, subject to approval of the Court.

25.     This Order shall not bind the Court and nothing herein shall be construed to prevent the Court from altering the terms of this Order *sua sponte*.

Dated this 19th day of November, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

/s/ Theodore W. Rosen
Theodore W. Rosen
THEODORE W. ROSEN, P.C.
3003 East Third Avenue, Suite 205C
Denver, Colorado 80206
Telephone:  (303) 837-1767
Facsimile:  (303) 837-1765
twrosen@msn.com

*Attorneys for Plaintiff JTS Choice
Enterprises, Inc.*

/s/ David M. Stauss
Roger P. Thomasch
David M. Stauss
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO  80202
Telephone:  (303) 292-2400
Facsimile:   (303) 296-3956
thomasch@ballardspahr.com
staussd@ballardspahr.com

*Attorneys for Defendant E.I. Du Pont De
Nemours and Company*

/s/ Meshach Y. Rhoades
Neil Arney
Meshach Y. Rhoades
KUTAK ROCK LLP
Suite 3100
1801 California Street
Denver, CO 80202
Telephone:  (303) 297-2400
Facsimile:  (303) 292-7799
Neil.Arney@KutackRock.com
Meshach.Rhoades@KutackRock.com

*Attorneys for Non Parties Metro Paint
Supplies, Inc. and Automotive
Coatings & Equipment, LLC*

**Exhibit A**

## STATEMENT AGREEING TO
## <u>CONFIDENTIAL TREATMENT OF MATERIALS</u>

I,_____, being duly sworn, state that:

(a) My present residential address is

_____

_____

_____

(b) My present employer is

_____and the address

of my present employer is_____.

(c) My present occupation or job description is

_____

_____

_____

(d) I have received and carefully read the Protective Order dated
_____, 2013 and understand its provisions.  Specifically, I
understand that I am obligated to hold in confidence and not to disclose the contents of
any document marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to anyone other
than those persons identified in paragraphs six (6) or, seven (7) of the Protective Order.
I further understand that I am not to disclose to persons other than those persons
identified in paragraphs six (6) and/or seven (7) of the Protective Order any words,
substances, summaries, abstracts or indices of the confidential information, documents
or things disclosed to me.  I will never use the information, directly or indirectly, in
competition with the disclosing party nor will I permit others to do so.  In addition to the
foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this action or at any time requested by counsel, I will destroy or
return to counsel for the party by whom am I employed or to counsel by whom I am
employed all documents and other materials, including notes, computer data,
summaries, abstracts, or any other materials including or reflecting confidential
information which have come into my possession, and will destroy or return all
documents or things I have prepared relating to or reflecting such information.

(f) understand that if I violate the provisions of this Protective Order, I will be subject to
sanctions or other remedies that may be imposed by the Court and potentially liable in a
civil action for damages.  I consent to the exercise of personal jurisdiction by the United
States

District Court for the District of Colorado with respect to any violations of this Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

/s/ _____

SUBSCRIBED AND SWORN to before me this_____day of _____,____.

_____
Notary Public

My Commission Expires _____

DMEAST #15018155