**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-03143-WJM-KMT

JTS CHOICE ENTERPRISES, INC.,

    Plaintiff/Counter-Defendant,

v.

E.I. DUPONT DE NEMOURS AND COMPANY,

    Defendant/Counter-Plaintiff.

---

**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR
F.R.C.P. 54(b) CERTIFICATION OF THE COURT'S ORDERS
GRANTING SUMMARY JUDGMENT IN FAVOR OF DUPONT AND
DENYING JTS'S MOTION TO RECONSIDER**

---

    Plaintiff/Counter-Defendant JTS Choice Enterprises ("JTS") originally brought this action against Defendant/Counter-Plaintiff E.I. DuPont De Nemours and Company ("DuPont") alleging that DuPont engaged in anticompetitive actions that violated various federal and state laws. (Sec. Am. Compl. ("SAC") (ECF No. 100) pp. 17-28.)  Finding no genuine dispute of material fact which would warrant a trial, the Court entered summary judgment in favor of DuPont on all of JTS's claims against it.  (ECF No. 467.) The Court denied JTS's request to reconsider this ruling, and JTS's original claims against DuPont are no longer pending in this action.  (ECF No. 494.)

    DuPont also brings counterclaims against JTS for breach of contract and unjust enrichment.  (ECF No. 174.)  The Court denied JTS's Motion for Summary Judgment as to these counterclaims, and trial on the counterclaims is set to begin on December 8, 2014.  (ECF No. 495.)

Before the Court are: (1) JTS's "Motion for F.R.C.P. 54(b) Certification of the Court's Orders Granting Summary Judgment in Favor of DuPont [ECF No. 467] and Denying JTS's Motion to Reconsider the Same [ECF No. 494] and for a Stay of Additional Proceedings on DuPont's Counterclaims" ("Rule 54(b) Motion") (ECF No. 496); and (2) JTS's "Motion for Leave to Submit Supplemental Information Regarding Plaintiff's Motion for F.R.C.P. 54(b) Certification [ECF No. 496] or in the alternative, Motion to Continue Trial on the Basis of Mr. Joseph Schweid's Medical Condition" ("Motion to Supplement") (ECF No. 501).

For the reasons set forth below, JTS's Rule 54(b) Motion is denied, the Motion to Supplement is granted in so far as it seeks leave to submit supplemental information related the Rule 54(b) Motion, and the Court reserves ruling on the alternative request to continue the trial.

## I. LEGAL STANDARD

Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  Rule 54(b) was adopted to codify the "historic rule in the federal courts [which] has always prohibited piecemeal disposition of litigation . . . [and] to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case."  Fed. R. Civ. P. 54(b) Advisory Committee's Note.

"Rule 54(b) entries are not to be made routinely . . . trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to

2

provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (internal quotations omitted).

## II. ANALYSIS

In the Motion, JTS asks the Court to enter partial judgment on its original claims such that JTS can pursue an appeal of the Court's grant of summary judgment in favor of DuPont. (ECF No. 497.) JTS also asks for the Court to stay trial of DuPont's counterclaims until after its appeal is decided. (*Id.*) In the Motion to Supplement, JTS contends that the severity of Joseph Schweid's[1] back condition makes trial in December impossible, and that the Court should permit the parties to appeal the summary judgment order during the time needed for his condition to improve to the point that he can participate in a trial. (ECF No. 501 at 11-12.)

To grant certification under Rule 54(b), the Court must find: (1) that the judgment upon which certification is sought is final "in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and (2) that there is no just reason to delay entry of judgment. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).

As to the first determination, the Court finds that its Order Granting DuPont's Motion for Summary Judgment and Denying Plaintiff's Motion for Partial Summary Judgment (ECF No. 467) was a final order for the purposes of Rule 54(b), as it finally

---

[1] Joseph Schweid has been president of JTS since its inception, and will be one of the primary witnesses at trial. (ECF No. 501 at 4-5.)

and fully resolved all of JTS's claims against DuPont.  Therefore, the Court must proceed to the second determination, whether there is any just reason to delay an entry of judgment.

To make this determination, the Court must act as a "dispatcher", weighing the policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal.  *Curtiss-Wright Corp.*, 446 U.S. at 8.  The Court must also consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."  *Id*.  The Court has discretion to grant or deny certification "in the interest of sound judicial administration."  *Id*.

The Court finds that JTS's claims against DuPont are not so separable from the counterclaims that, were the Court to grant the Motion and permit JTS to immediately appeal the summary judgment ruling, there is no possibility that the appeals court would have to decide the same issues more than once.  In the portion of the Rule 54(b) Motion which seeks a stay of the trial, JTS contends that the same facts which formed the basis for its original claims against DuPont also act as the basis for its defense to DuPont's counter-claims.  (ECF No. 496 at 16.)  In fact, JTS affirmatively argues that allowing the trial to move forward before the appellate court considers the propriety of the Court's summary judgment order could result in conflicting jury findings, if JTS ultimately prevails on appeal and its claims against DuPont proceed to trial at a later date.  (*Id*.)  In so arguing, JTS essentially admits that there is significant factual overlap between its claims against DuPont and its defenses to DuPont's counter-claims.  Thus,

4

the Court cannot find that the counter-claims are entirely separate from the original claims.

Moreover, the Court has considered the equities in this case and finds that JTS has not shown that the equities weigh strongly in favor of granting the Motion. A party who loses on an interlocutory ruling always suffers some prejudice in having to wait for that issue to be pursued on appeal. JTS has not shown that the prejudice it will suffer in this case falls outside the norm. This is true even considering Mr. Schweid's medical condition.[2] Moreover, any such prejudice to JTS is heavily outweighed by the interests of judicial economy. Our court system could not function if parties were permitted to immediately appeal any adverse ruling.

In sum, JTS has not shown such exceptional circumstances in this case so as to warrant entering a partial judgment under Rule 54(b). *See Okla. Tpk. Auth.*, 259 F.3d at 1242 (describing the showing that a movant must make to warrant relief under Rule 54(b)). Accordingly, in the exercise of its discretion, the Court declines to enter a partial judgment, and denies the Motion.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. JTS's "Motion for F.R.C.P. 54(b) Certification of the Court's Orders Granting Summary Judgment in Favor of DuPont [ECF No. 467] and Denying JTS's Motion to Reconsider the Same [ECF No. 494] and for a Stay of Additional

---

[2] The Court does not give significant weight to Mr. Schweid's medical condition as part of the Rule 54(b) analysis. Rather, Mr. Schweid's back issues will be addressed when the Court rules on the alternate request to continue the trial after DuPont has been heard on this issue.

      Proceedings on DuPont's Counterclaims" (ECF No. 497) is DENIED;

2.    JTS's "Motion for Leave to Submit Supplemental Information Regarding Plaintiff's Motion for F.R.C.P. 54(b) Certification [DKT NO. 496] or in the alternative, Motion to Continue Trial on the Basis of Mr. Joseph Schweid's Medical Condition" (ECF No. 501) is GRANTED to the extent it seeks to supplement the Rule 54(b) Motion, and the Court has considered such supplemental information in denying the Rule 54(b) Motion;

3.    The Court RESERVES RULING on JTS's request to continue the trial; and

4.    DuPont is ORDERED to file a response to the request for a continuance of the jury trial no later than November 5, 2014. No reply will be permitted.

Dated this 3rd day of November, 2014.

BY THE COURT:

William J. Martinez
United States District Judge